IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NORMAN DALE UNVERZAGT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 16-03497-CV-S-ODS |
| ) | Crim. No. 04-03156-01-CR-S-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION (1) GRANTING RESPONDENT'S MOTION TO LIFT STAY,
(2) DENYING PETITIONER'S MOTION TO CORRECT SENTENCE UNDER
28 U.S.C. § 2255, AND (3) DENYING CERTIFICATE OF APPEALABILITY</u>

Pending are Petitioner's Second Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. #4), and Respondent's Motion to Lift Stay (Doc. #12). The Court grants Respondent's motion, lifts the stay, and denies Petitioner's motion.

## I. BACKGROUND

On January 25, 2005, Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ordinarily, that offense carries a maximum punishment of ten years' imprisonment. 18 U.S.C. § 924(a)(2). But the Armed Career Criminal Act ("ACCA") requires a minimum sentence of fifteen years if a person violating 18 U.S.C. § 922(g) has three prior convictions for a "violent felony." 18 U.S.C. § 922(e)(1). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition constitutes the "residual clause" held unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

A presentence investigation report ("PSR") was prepared after Petitioner pled guilty. The PSR found Petitioner had three convictions, two for second-degree burglary

of a building and one for first-degree assault, qualifying him for an ACCA enhanced sentence.[1] Because Petitioner had three qualifying ACCA predicate offenses, he was sentenced to 180 months' imprisonment on May 5, 2005. In light of *Johnson*, Petitioner asserts his convictions for second-degree burglary of a building no longer qualify as predicate offenses, and thus, he is not subject to the ACCA's enhanced sentencing provisions.

After Petitioner filed this matter, he requested a stay pending the Eighth Circuit's decision on a motion for rehearing in *Sykes v. United States*, 844 F.3d 712 (8th Cir. 2016). The Court granted Petitioner's request. The Eighth Circuit recently denied the motion for rehearing in *Sykes*. Case No. 14-3139, 2017 WL 1314937 (8th Cir. Mar. 17, 2017). The Government argues the stay should be lifted, and Petitioner's motion to vacate his sentence should be denied. Petitioner admits *Sykes* "precludes relief for him," but asks the Court to issue a certificate of appealability because "the law is far from settled on this issue." Doc. #13.

## II. DISCUSSION

"A prisoner…claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States…or that the sentence was in excess of the maximum authorized by law…may move the court which imposed the sentence to vacate, set aside or correct the sentence." 18 U.S.C. § 2255(a). Although Petitioner previously filed a motion to vacate on separate grounds, the Eighth Circuit granted his motion to file a second or successive petition for relief under 28 U.S.C. § 2255. *Unverzagt v. United States*, No. 16-2998 (8th Cir. 2016). The Court also finds, based upon *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* applies retroactively.

The ACCA defines the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). A prior crime qualifies as an ACCA predicate "if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Mathis v. United States*, 136 S. Ct. 2243,

---

[1] Petitioner does not argue his conviction for first-degree assault is not a violent felony under the ACCA.

2247 (2015).  "That means as to burglary – the offense relevant in this case – that Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into…a building or other structure, with intent to commit a crime.'"  *Id.* at 2248 (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)).  "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary' – even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries."  *Id.*

"To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case."  *Id.* at 2248.  The Court must distinguish between elements and facts.  *Id.*  Elements are "things the prosecution must prove to sustain a conviction" and are "what the jury must find beyond a reasonable doubt to convict the defendant."  *Id.* (citations and internal quotations omitted).  Facts, on the other hand, are "extraneous to the crime's legal requirements" and "have[] no legal effect [or] consequence."  *Id.* (citations omitted).

A person commits Missouri second-degree burglary when "he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein."  Mo. Rev. Stat. § 569.170 (1979).  The Eighth Circuit found Missouri second-degree burglary conforms to the elements of generic burglary.  *Sykes*, 844 F.3d at 715.  Burglary of a "building" or an "inhabitable structure" represent alternative elements, rather than means of committing second-degree burglary.  *Id.*  Therefore, Missouri's second-degree burglary conforms to the generic definition of burglary set forth in *Taylor* and *Mathis*, and is a qualifying predicate offense for purposes of the ACCA.  *Id.*

*Sykes* dictates the Court's decision here.  Petitioner's second-degree burglaries were of buildings, not inhabitable structures.  His convictions for second-degree burglary of buildings conform to the elements of generic burglary, and remain violent felonies for the ACCA's sentencing purposes.  The Court finds Petitioner has three qualifying predicate offenses under the ACCA, and denies his motion.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Petitioner argues "reasonable jurists are debating the divisibility" of the Missouri burglary statue. He cites the dissenting opinion to the Eighth Circuit's decision to rehear *Sykes* en banc, and the Eighth Circuit's decision in *United States v. Naylor*, Case No. 16-2047, 2017 WL 1163645 (8th Cir. Mar. 28, 2017). But those cases elucidate Petitioner's Missouri second-degree burglary convictions qualify as predicate ACCA offenses. Accordingly, a certificate of appealability is denied.

## IV. CONCLUSION

Respondent's motion to lift the stay is granted. Petitioner's motion to vacate his sentence is denied, and a certificate of appealability is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 24, 2017	UNITED STATES DISTRICT COURT